**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-1697**

_____

ELMER FRANCISCO JEREZ BOJORQUEZ, a/k/a Jerez Elmer Bohorquez,

            Petitioner,

      v.

ERIC H. HOLDER, JR., Attorney General,

            Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted:  December 21, 2012        Decided:  January 7, 2013

_____

Before GREGORY, DUNCAN, and DAVIS, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

Randall L. Johnson, JOHNSON & ASSOCIATES, P.C., Arlington, Virginia, for Petitioner.  Stuart F. Delery, Acting Assistant Attorney General, Stephen J. Flynn, Assistant Director, Robert Michael Stalzer, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elmer Francisco Jerez Bojorquez, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("Board") order dismissing his appeal of the immigration judge's ("IJ") order denying Bojorquez's application for withholding of removal and protection under the Convention Against Torture ("CAT"). We have thoroughly examined the record and deny the petition for review.

When assessing an alien's petition for review, we must uphold the Board's determination that an alien is not eligible for withholding of removal unless the Board's determination is "'manifestly contrary to law and an abuse of discretion.'" Mirisawo v. Holder, 599 F.3d 391, 396 (4th Cir. 2010) (quoting 8 U.S.C. § 1252(b)(4)(D) (2006)). Legal questions determined by the Board are reviewed de novo, see Li Fang Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008), while the Board's factual findings "are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary." 8 U.S.C. § 1252(b)(4)(B) (2006); Crespin-Valladares v. Holder, 632 F.3d 117, 124 (4th Cir. 2011). Consequently, the Board's determination regarding eligibility for withholding of removal will be affirmed if it is supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

An alien is eligible for withholding of removal if he shows that, if he was returned to his native country, "it is more likely than not that [his] 'life or freedom would be threatened because of [his] race, religion, nationality, membership in a particular social group, or political opinion.'" Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004) (quoting 8 U.S.C. § 1231(b)(3)(A) (2006)) (internal alteration omitted). Here, our review of the record convinces us that substantial evidence supported the Board's conclusion that the Guatemala-related incidents marshaled by Bojorquez failed to establish by a preponderance that he would be harmed if returned to El Salvador. We likewise find without merit Bojorquez's challenge to the denial of his CAT claim.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED

3